IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES R. DIXON,                      *
                                       *
      Plaintiff,                       *
                                       *
vs.                                    * CIVIL ACTION NO. 25-00512-JB-B
                                       *
KEVIN BOUCHER, *et al.*,               *
                                       *
      Defendants.                      *

## REPORT AND RECOMMENDATION

This action is before the Court on review.  On December 10, 2025, Plaintiff Charles R. Dixon ("Dixon"), who is proceeding without an attorney (*pro se*), commenced this civil action by filing a complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2).  This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

In his complaint,[1] Dixon named as Defendants Kevin Boucher, an Administrative Law Judge for the United States Social Security Administration, and Velesia Miller, who was identified as a "property management supervisor."  (Doc. 1 at 1-2).  Dixon invoked federal question jurisdiction under 28 U.S.C. § 1331 as the basis for federal court jurisdiction in this action.  (Id. at 4).  When

---

[1] Dixon utilized the form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case" for his complaint.  (See Doc. 1).

1

prompted to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution at issue in this case, Dixon stated: "Right to a fair hearing.  Right when having a hearing lawful that it stand disability right[.]  Neglect of my information or change my information."[2]  (Id.).  Dixon provided no further detail in his complaint regarding any claim against ALJ Boucher, but he appeared to describe his claim against Defendant Miller as follows:

> Velesia Miller, to not evict me, do to unforseen problem, I Charles Dixon did not cause, do not include me with our renter problem.  As she Mrs. Miller agree to in meeting, that she Mrs. Miller told other renter, she would help me threw this problem, I have been trying all I can to resovle this problem and I told Mrs. Miller want SS office Ms. Oger, told me to tell Ms. Miller.

(Id. at 3).  Dixon requested relief "as Court see fit."  (Id. at 5).  The day after he filed his complaint, Dixon filed more than 100 pages of exhibits.  (Doc. 3).[3]

In an order dated January 15, 2026, the Court granted Dixon's motion for leave to proceed without prepayment of fees; however,

---

[2] Unless otherwise indicated by brackets, quoted language from Dixon's *pro se* complaint is reproduced herein without modification, except with respect to capitalization.

[3] Dixon subsequently filed a "Motion to Return Fund SSA Benfits Not to be Evicted" and a "Motion to Recieve SS Income Back, Food Stamp Benfits at the Right Allotment Also to Meet with U.S. Office for a Meeting of Facts and Proof, Also to Get Medicine for Pain Hurting Bad!!!"  (Docs. 4, 5).  Because this action is due to be dismissed for the reasons outlined in this report and recommendation, the undersigned takes no action on Dixon's motions.

the Court found that Dixon's complaint failed to allege a valid basis for federal subject matter jurisdiction and failed to provide adequate notice of his claims against each Defendant and the underlying factual basis for his claims. (Doc. 6 at 1).

With regard to subject matter jurisdiction, the Court observed that Dixon's purported jurisdictional statement was barely intelligible and provided no valid basis for the exercise of federal question jurisdiction in this action. (Id. at 8). Given his references to a "hearing" and "disability right," the Court inferred that Dixon might be complaining about ALJ Boucher's actions or decision with respect to Dixon's Social Security disability benefits or application for such benefits. (Id.). However, the Court found it unclear whether Dixon was seeking judicial review of a final agency decision denying a claim for benefits, or whether he was attempting to assert some other type of claim against ALJ Boucher. (Id. at 8-9). The Court noted that Dixon had not provided any details regarding any application he might have filed for Social Security disability benefits or ALJ Boucher's actions with respect to any such application, nor had he alleged any facts indicating he was seeking judicial review of a final decision of the Commissioner of Social Security within the timeframe allowed under 42 U.S.C. § 405(g), and Dixon had failed to identify any other federal constitutional or statutory provision that would provide a basis for his unidentified claims

3

against ALJ Boucher.  (Id. at 9).

As to Defendant Miller, the Court observed that Dixon appeared to be seeking to prevent her from taking action to evict him from his residence, but he had not alleged any facts suggesting that his eviction or potential eviction presented a federal question. (Id. at 10).  The Court further noted that there was no indication that diversity jurisdiction was present, since Dixon specifically declined to check the box for diversity jurisdiction and listed Alabama addresses for all three parties.  (Id.).

The Court additionally noted that there appeared to be no logical relationship between Dixon's Social Security-related claims against ALJ Boucher and his claims against his landlord Miller.  (Id.).  The Court explained that under the Federal Rules of Civil Procedure, Dixon could not bring unrelated claims against different defendants in a single lawsuit.  (Id.).  Therefore, the Court noted that even if Dixon were to present a colorable federal question relating to his Social Security benefits in an amended complaint, that would not provide a jurisdictional basis for any claims against Miller, which would need to be brought in a separate lawsuit.  (Id. at 10-11).

The Court further found Dixon's complaint to be deficient because it failed to provide adequate notice of the claims for relief he was attempting to assert and the factual grounds for such claims.  (Id. at 12).  The Court noted that Dixon had failed

4

to identify any cognizable claims for relief or causes of action he was pursuing against any Defendant and had not identified any specific wrongdoing or misconduct on the part of either Defendant. (Id.). The Court noted that the allegations in Dixon's complaint were vague, devoid of factual detail, and at times barely intelligible, making it impossible to determine what claims for relief Dixon might be asserting and what facts were intended to support any such claims. (Id. at 12-13).

Accordingly, the Court struck Dixon's original complaint and granted Dixon leave to file an amended complaint alleging a valid basis for this Court's subject matter jurisdiction and providing adequate notice of his claims and their underlying factual grounds. (Id. at 14). The Court cautioned Dixon that if he did not file a complying amended complaint on or before the February 18, 2026 amendment deadline, the undersigned would recommend that this action be dismissed. (Id. at 16).[4]

To date, Dixon has not filed an amended complaint, despite being ordered to do so no later than February 18, 2026. Dixon has not requested additional time to comply with the Court's order and has provided no explanation for his failure to timely file an

---

[4] The undersigned directed the Clerk of Court to send Dixon a copy of his original complaint for his reference, along with a copy of this Court's Pro Se Litigant Handbook. (Doc. 6 at 16). The undersigned encouraged Dixon to review the Pro Se Litigant Handbook carefully and utilize it in drafting his amended complaint so as to avoid repetition of his pleading errors. (Id. at 16-17).

amended complaint as directed.  Additionally, the docket reflects that none of the orders or documents sent to Dixon in this case have been returned to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order."  Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  Betty K Agencies, 432 F.3d at 1339.  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Dixon has made no apparent attempt to comply with the Court's order directing him to file an amended

complaint by February 18, 2026, despite the undersigned's clear warning that his failure to file an amended complaint within that time would result in a recommendation that this action be dismissed. Dixon's failure to comply with this Court's order to file an amended complaint suggests that he has abandoned the prosecution of this action. In light of Dixon's failure to prosecute this action, and his apparently willful decision not to file an amended complaint as directed, it is recommended that this action be **DISMISSED without prejudice**, as it appears no lesser sanction will suffice to induce his compliance with the Court's directives.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **April, 2026.**

                          **/s/ SONJA F. BIVINS**
                     **UNITED STATES MAGISTRATE JUDGE**